UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRECOSIA F. PERIGUERRA AND MARCARIO M. PERIGUERRA,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDAS CAPITAL, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CR TITLE SERVICES, INC.; CITIMORTGAGE, INC. and DOES 1-50, inclusive,<br><br>Defendants. | Case No: C 09-4748 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Docket 4, 8, 15 |

Plaintiffs, Precosia F. Periguerra and Marcario M. Periguerra, bring the instant mortgage fraud action against Defendants, Meridas Capital, Inc. (Meridas), Mortgage Electronic Registration Systems, Inc. (MERS), CR Title Services, Inc. (CR Title) and Citimortgage, Inc. (Citimortgage). The parties are presently before the Court on (1) Meridas' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for a More Definite Statement (Docket 8) and (2) MERS, CR Title and Citimortgage's Motion to Dismiss (Docket 4). Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motions for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I. **BACKGROUND**

   A. **FACTUAL SUMMARY**

Plaintiffs are the owners of a residential property located in Hercules, California. (Compl. ¶ 1.) In or around May 2006, Plaintiffs applied for a loan from Meridas for the purpose of refinancing their existing mortgage. (Id. ¶ 15.) Meridas approved Plaintiffs for an interest-only loan in the amount of $537,000. (Id.) Plaintiffs executed the loan documents on July 5, 2006. (Id. ¶ 19; MERS Defs.' Request for Judicial Notice (RJN) Ex. A.) For the first five years of the loan, the interest rate is fixed at 8.5% per annum, and thereafter becomes adjustable based on the 12-month LIBOR (London Interbank Offered Rate) plus 2.25%, with a ceiling rate of 13.5%. (Id.) The Deed of Trust signed by Plaintiffs identifies the "Lender" as Meridas, and MERS as the "nominee for the Lender and Lender's successors and assigns" and as "beneficiary" under the Deed of Trust. (RJN Ex. A at 1, 2.) North American Title Company, which is not a party, is listed as the Trustee. (Id.)

Plaintiffs now claim that they cannot afford the loan and that they have fallen behind on their payments. (Compl. ¶ 16.) Consequently, on or about May 27, 2009, Citimortgage, the servicing agent for the loan, recorded a Notice of Default and Election to Sell with Contra Costa County. (Id. ¶ 20.) A trustee's sale was scheduled to take place on September 18, 2009, though it is unclear whether the sale went forward. (Id. ¶ 23.) Plaintiffs blame their predicament on Defendants, whom they allege improperly qualified them for a loan they knew Plaintiffs could not afford and failed to warn them about the "negative effects" of entering into an adjustable rate mortgage. (Id. ¶¶ 17-18.)

   B. **PROCEDURAL OVERVIEW**

On September 17, 2009, Plaintiffs filed a Complaint in Contra Costa County Superior Court against Meridas, MERS, CR Title and Citimortgage. The Complaint alleged eleven causes of action for: (1) Declaratory Relief; (2) Declaration of Nullity of Documents; (3) Accounting; (4) Quiet Title; (5) Fraud; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Violation of Civil Code §§ 1916.7 and 1921; (8) Violation of the California Commercial Code; (9) Breach of Fiduciary Duty; (10) Violation of California Business and

Profession Code section 17200; and (11) Injunctive Relief. As relief, Plaintiffs seek to: enjoin Defendants from proceeding with the trustee's sale; void the notice of default; require Defendants to deliver the loan documents and Deed of Trust to Plaintiffs; terminate Defendants' security interest in the property; and direct Defendants to prepare an accounting. Plaintiffs also seek compensatory and punitive damages and the recovery of their attorneys' fees.

Although Plaintiffs' causes of action are based on state law, certain of their claims incorporate alleged violations of federal law; to wit, the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., the Homeowners Home Ownership and Equity Protection Act of 1994 (HOEPA), 15 U.S.C. § 1639 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq. As a result, on October 6, 2009, MERS, CR Title and Citimortgage (collectively "MERS Defendants" unless noted otherwise) removed the action under 28 U.S.C. § 1331, which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1331(b).[1] Meridas and the MERS Defendants have separately filed motions to dismiss under Rule 12(b)(6).[2]

## II. LEGAL STANDARD

### A. RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court, upon motion of a party, to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" To

---

[1] MERS Defendants' Notice of Removal incorrectly cites 28 U.S.C. § 1331(c), which permits removal where the complaint alleges "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 . . . ." All of the causes of action alleged in the Complaint are presented only as state law claims.

[2] The parties are advised to take greater care in drafting their memoranda. Plaintiffs' opposition briefs fail to respond directly to a number of the arguments presented in Defendants' respective moving papers. The MERS Defendants' reply brief likewise fails to address the arguments made in Plaintiffs' opposition. In fact, their reply appears to be simply "cut and pasted" from their moving papers. As for Meridas, all of the cases and record citations in its briefs are set forth in footnotes, and their motion lacks a table of contents and a table of authorities, as required by Local Rule 7-4(a).

survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). The plaintiff must establish that the allegations are pushed "across the line from conceivable to plausible[.]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**B.    RULE 9(b)**

A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003). Fraud claims and claims that "sound in fraud" or that are "grounded in fraud" must be pled with particularity. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). This means that the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th

Cir. 1995). Where multiple defendants are involved, the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme. See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Allegations of fraud cannot be made in information and belief. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989). Failure to comply with Rule 9(b) when alleging fraud is grounds for dismissal. See Vess, 317 F.3d at 1103.

## III. DISCUSSION

### A. STANDING TO SEEK RESCISSION

The MERS Defendants contend that Plaintiffs lack standing to seek rescission because "Plaintiffs did not plead facts to show that they have tendered or that they offered to tender, the full amount owing on their loan." (Mot. at 5.) The Court agrees. "[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale." U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal.App.3d 1214, 1222 (1985). The rationale for the tender requirement has been stated as follows:

> *It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property.* Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property.

Id. at 1225 (emphasis added); accord Karlsen v. American Savings and Loan Assoc., 15 Cal.App.3d 112, 117-18 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal., July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt") (Armstrong, J.).

Plaintiffs contend, without citing any supporting authority, that the tender rule applies only where the foreclosure sale already has taken place—not before. Such an argument elevates form over substance. In their Complaint, Plaintiffs allege that the foreclosure process has commenced and that a date for the trustee's sale has been set. (Compl. ¶¶ 20, 23.) As

relief, Plaintiffs seek to permanently enjoin Defendants from actually foreclosing on their property and to have the "security interests in the Real Property," i.e., the Deed of Trust, declared "void." (Compl. at 30-31.) Stated another way, Plaintiffs seek to have the Promissory Note and Deed of Trust rescinded. Given the relief sought, Plaintiffs must allege that they are willing to tender the loan proceeds to the lender. This is a basic tenet of California contract law. Cal.Civ.Code § 1691(b) ("to effect a rescission a party to the contract must ¶ . . . [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise"). Plaintiffs have not alleged their willingness to tender or their ability to do so. Unless and until they properly allege a willingness to tender, Plaintiffs cannot seek rescission of the loan or Deed of Trust. Plaintiffs will be granted leave to amend to correct this deficiency.

### B. DECLARATORY RELIEF

In their first cause of action, Plaintiffs seek a judicial declaration that Defendants have no right to foreclose on their home. Specifically, Plaintiffs posit that because Defendants lack possession of the Deed of Trust and Promissory Note, they have no right to invoke the power of sale under California Civil Code Section 2932.5. (Compl. ¶ 30, 40.)[3] As a threshold matter, this Court has previously found that California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. See Yazdanpanah v. Sacramento Valley Mortg. Group, 2009 WL 4573381 *9 (N.D. Cal., Dec. 1, 2009). Plaintiffs do not dispute this point, but instead, argue that without the original note, they will not know who specifically has an interest in the note, and hence, the authority to commence non-judicial foreclosure proceedings. Plaintiffs cite no authority for this proposition. In addition, such an argument ignores the terms of the Deed of Trust, which clearly state that Meridas, MERS and/or their assignees have the right to foreclose in the event of an uncured default. (RJN, Ex.

---

[3] Civil Code section 2932.5 states: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

- 6 -

**1** A at 1, 2, 12.)[4]  The Court concludes that Plaintiffs have failed to allege a viable factual or
**2** legal basis for their Declaratory Relief claim, which is therefore DISMISSED with leave to
**3** amend.

### C. DECLARATION OF NULLITY OF DOCUMENTS

Plaintiffs' second cause of action alleges that Defendants have no right to commence or maintain foreclosure proceedings because they are not the "true and actual owners" of the loan. (Compl. ¶¶ 42-44.) The Complaint further alleges that the substitution of CR Title (on whose behalf the Notice of Default was recorded) as Trustee is invalid because Meridas was not the Lender, and therefore, could not assign the Deed of Trust to CR Title. (Id. ¶ 44.) This claim lacks merit. If the deed of trust contains an express provision granting a power of sale, the beneficiary may pursue nonjudicial foreclosure (often referred to as a "trustee's sale") under the provisions of Civil Code section 2924. See Knapp v. Doherty, 123 Cal.App.4th 76, 86 (2004) (summarizing non-judicial foreclosure process). A "*trustee, mortgagee or beneficiary or any of their authorized agents*" may institute the foreclosure process. Cal.Civ. Code § 2924(a)(1) (emphasis added); Ung v. Koehler 135 Cal.App.4th 186, 192 (2005). California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal.Civ.Code § 2924b(b)(4).

Consistent with California Civil Code section 2924b(b)(4), the Notice of Default was recorded on behalf of CT Title, which was assigned the Deed of Trust by North American Title Company, the original Trustee identified in the Deed of Trust. (RJN Ex. A at 1; Meridas RJN Ex. 3.) The Deed of Trust plainly identifies Meridas as the "Lender," and expressly affords the Meridas or its assignee, *through its Trustee*, the right to foreclose on the property in the event the Borrower (i.e., Plaintiffs) defaults on the loan. (RJN Ex. A at 1, 2, 14.)

---

[4] The Court may judicially notice documents referenced in the Complaint where, as here, there is no dispute as to the document's authenticity. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1    Faced with factual and legal infirmities of its claim, Plaintiffs counter that the Deed of

2    Trust does not define the meaning or rights of a "beneficiary" or "nominee." (Opp'n at 5.)

3    That argument misses the mark. California law confers upon a "beneficiary," among others,

4    the right to record a notice of default and institute foreclosure proceedings. As such, whether

5    or not "beneficiary" or "nominee" are defined terms in the Deed of Trust has no bearing on

6    whether Defendants have the authority under the Deed of Trust or California law to pursue

7    foreclosure. Plaintiff's second cause of action for nullity of documents is DISMISSED with

8    leave to amend.

### D. ACCOUNTING

Under California law, an accounting is generally a remedy in equity. Batt v. City & County of San Francisco, 155 Cal.App.4th 65, 82 (2007). A request for an accounting can be alleged as a cause of action when a defendant owes a fiduciary duty to a plaintiff which requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting. See Teselle v. McLoughlin, 173 Cal.App.4th 156, 179 (2009). An accounting claim is dependent upon a substantive basis for liability. See Glue-Fold, Inc. v. Slautterback Corp., 82 Cal.App.4th 1018, 1023 n.3 (2000). In other words, an accounting claim has no separate viability if a plaintiff's other causes of action fail. See Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 843 (9th Cir. 2009).

Here, Plaintiffs have failed to allege facts sufficient to demonstrate the existence of a fiduciary duty between themselves and Defendants. See Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1096 (1991) (lender owes no fiduciary duty to the borrower); Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980) (lender "owes no duty of care to the [borrower] in approving [a] loan."). In addition, Plaintiffs have not alleged that an accounting is necessary to ascertain an amount *owed to them* by Defendants. To the contrary, Plaintiffs seek an accounting in order to determine "the amount *they owe* the true owners." (Compl. ¶ 30 (emphasis added).) In addition, Plaintiffs have not demonstrated the substantive viability of any of their claims to support an accounting. See Canada Life Assur. Co., 563 F.3d

at 843.  For all these reasons, Plaintiffs' third cause of action is DISMISSED with leave to amend.

## E.  QUIET TITLE

Plaintiff's fourth cause of action is to quiet title against all Defendants.  The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to."  Newman v. Cornelius, 3 Cal. App. 3d 279, 284 (1970).  Plaintiffs' claim to quiet title is based on their theory that Defendants are not empowered to institute foreclosure proceedings.  (Compl. ¶ 53.)  This is the same flawed argument Plaintiffs proffered in support of their claim for nullity of documents.  Thus, for the same reasons articulated above, Plaintiffs' claim to quiet title is DISMISSED with leave to amend.

## F.  FRAUD

### 1.  Failure to Disclose

The elements of a fraud claims are:  (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Bily v. Arthur Young & Co., 3 Cal.4th 370, 407-408 (1992).  Fraud claims are subject to the heightened pleading requirements of Rule 9(b).  Cooper, 137 F.3d at 627.

In their fifth cause of action for fraud, Plaintiffs allege that Meridas and Citimortgage failed to disclose to Plaintiffs that their income was insufficient to repay the loan, and that they would be incurring a "negative expense condition" each month.  (Compl. ¶ 57.)  However, Plaintiffs fail to allege specific facts regarding the "the who, what, when, where, and how" of the alleged fraudulent conduct.  See Cooper, 137 F.3d at 627.  In addition, Plaintiffs fail to identify the specific conduct of *each* Defendant in perpetrating the alleged fraud.  See Swartz, 476 F.3d at 764-65 (role of each defendant must be alleged in properly plead fraud).

Plaintiffs contend that they lack sufficient information to plead the facts necessary to sustain a fraud claim, and assert, without citation to any authority, that they should be allowed to conduct limited discovery to obtain such information.  However, Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more

specific information and amend its pleadings to satisfy the particularity requirement. See ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 349 (5th Cir. 2002). Allowing Plaintiffs to conduct discovery in order to comport with heightened pleading requirement applicable to fraud-based claims is directly contrary to the purpose of Rule 9(b); namely, that plaintiffs show that there is some substance to their claim of fraud before subjecting a defendant to the rigors of the discovery process. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Accordingly, the Plaintiffs' fraud claim insofar as it is based on Defendants' alleged failure to disclose is DISMISSED with leave to amend.

### 2. Violation of 15 U.S.C. § 1639(h)

Separate and apart from their failure to disclose allegations, Plaintiffs also allege in their fraud claim that Defendants violated HOEPA, 15 U.S.C. § 1639(h). This statute provides that: "A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." (See Compl. ¶ 59 (citing 15 U.S.C. § 1639(h).)

A claim under HOEPA is subject to TILA's one year statute of limitations. In re Comty. Bank of N. Va., 418 F.3d 277, 304-305 (3rd Cir. 2005) ("An affirmative action under HOEPA must be brought within one year of the violation"). As Defendants correctly point out, the limitations period under TILA commences to run on the date the loan documents are signed. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). Here, Plaintiffs signed their loan documents on July 5, 2006, (Compl. ¶ 19; RJN Ex. A), but did not commence this action until over three years later on September 17, 2009 (Not. of Removal ¶ 2 Ex. A). In neither their Complaint nor their oppositions do Plaintiffs aver any reasons why, in the exercise of due diligence, they could not have discovered the allegedly fraudulent acts when they signed their loan documents. See Meyer, 342 F.3d at 902. As such, any claim based on a violation of 15 U.S.C. § 1639(h) fails as a matter of law. Accordingly, Plaintiffs' fraud claim, to the extent it is predicated on 15 U.S.C. § 1639(h), is DISMISSED without leave to amend.

**G.     BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

"[E]very contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Wolf v. Walt Disney Pictures & Television, 162 Cal.App.4th 1107, 1120 (2008) (internal quotations and citations omitted). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." Racine & Laramie, Ltd. v. Dep. of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1993). The covenant "is read into contracts in order to protect the express [terms] or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Foley v. Interactive Data Corp., 7 Cal.3d 654, 690 (1988).

Here, the Complaint alleges that Defendants Meridas and Citimortgage acted in bad faith by failing to disclose to Plaintiffs that (1) they "could not make the payments called for in the loan documents and that they would certainly default on the loan" and (2) their loan was not "the best loan suited to Plaintiffs (sic) financial circumstances." (Compl. ¶ 67.) The Complaint fails to allege the particular provision of the loan agreement that forms the basis of Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. As pled, it is entirely unclear how Plaintiffs' allegations, even if true, demonstrate that Defendants sought to deprive Plaintiffs of the benefits of their contract. Therefore, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is DISMISSED with leave to amend.

**H.     VIOLATIONS OF CALIFORNIA CIVIL CODE AND COMMERCIAL CODE**

Defendants move to dismiss Plaintiffs' seventh claim for reformation and rescission under California Civil Code sections 1916.7 and 1921 and eighth claim, which alleges violations of the California Commercial Code. In their opposition, Plaintiffs state that they have elected not to pursue these claims. Accordingly, Plaintiffs' seventh and eighth claims are DISMISSED.

**I.     BREACH OF FIDUCIARY DUTY**

Plaintiffs allege that Meridas owed them a fiduciary duty, and that it breached such duty by allegedly concealing the true terms of the loan, qualifying them for a loan they could not

afford, providing unspecified false and misleading disclosures and failing to explain the loan documentation process. (Compl. ¶ 110.) As noted above, the relationship between a lending institution and its borrower-client is not fiduciary in nature. Nymark, 231 Cal.App.3d at 1096. However, there are limited instances where a lender's conduct may result in the creation of a fiduciary relationship. Specifically, Plaintiffs cite Pension Trust Fund v. Fed. Ins. Co., 307 F.3d 944 (9th Cir. 2002), where the court noted that "a lender . . . owes a fiduciary duty to a borrower when it excessively controls or dominates the borrower." Id. at 954 (citing Credit Managers Ass'n v. Superior Court, 51 Cal.App.3d 352, 359-60 (1975)). However, that rule applies only where the level of control is so extreme that the borrower is for all intents and purposes acting *against its will*. See Credit Managers Ass'n, 51 Cal.App.3d at 359-60.[5] There are no facts in the Complaint that allege such level of control. Thus, Plaintiffs' ninth cause of action for breach of fiduciary duty is DISMISSED with leave to amend.

### J. UNFAIR COMPETITION LAW

Plaintiff's tenth cause of action alleges that Defendants violated California's Unfair Competition Law (UCL), which makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). The violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994). Where a plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim either. See Ingels v. Westwood One Broadcasting Servs., Inc., 129 Cal.App.4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") (quotation marks omitted). A plaintiff alleging a section 17200 claim

---

[5] Equally misplaced is Plaintiffs' reliance on Barret v. Bank of Am., 183 Cal.App.4th 1362, 1369 (1986) where the court observed that a bank's relationship with its customers may give rise to a "quasi-fiduciary" duty. More recent California authority has criticized the "loose characterization" of a bank as a "quasi fiduciary," and reaffirmed that in the context of an ordinary banking relationship, "the bank is in no sense a true fiduciary." Oaks Mgmt. Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006).

must state with reasonable particularity the facts supporting the statutory elements of the violation. See Khoury v. Maly's of Calif., Inc. 14 Cal.App.4th 612, 619 (1993).

The Complaint alleges that Defendants violated section 17200 by: (1) failing to comply with Civil Code sections 1916.7 and 1921; (2) failing to provide Plaintiffs with a fully executed or signed copy of the Good Faith Estimate or Truth in Lending Disclosure; (3) failing to provide Plaintiffs with the disclosure required by California Civil Code section 1916.110(c); (4) failing to validate their income, in violation of TILA and California Civil Code sections 1670.5 and 1770; and (5) not providing Plaintiffs with an opportunity to review the final HUD-1 Settlement Statement one day prior to closing as required by 24 C.F.R. § 3500.10. (Compl. ¶¶ 119, 121.) Plaintiffs' UCL claim fails on multiple levels.

First, Plaintiffs neglect to articulate which prong or prongs of the UCL that Defendants are alleged to have violated. Plaintiffs also fail to differentiate between the conduct of the various Defendants, and impermissibly attribute the underlying violations to all "Defendants." Such failure to allege the conduct underlying a UCL claim with reasonable particularity violates Defendants' right to fair notice of the claims alleged against them. See Erickson, 551 U.S. at 93.[6]

Second, Plaintiffs fails to allege how Defendants purportedly violated Civil Code sections 1916.7 and 1921. As to section 1916.7, the Court notes that this section only applies to mortgage loans made pursuant to it. Cal. Civ.Code § 1916.7(b); Brittain v. IndyMac Bank, FSB, 2009 WL 2997394 *3 (N.D. Cal., Sept. 16, 2009). Here, Plaintiffs have failed to allege facts showing that section 1916.7 applies, and they have failed to specify which provisions of section 1916.7 have been violated. For the same reasons, Plaintiffs' conclusory allegation that Defendants violated Civil Code section 1921 is insufficient as well.

---

[6] To the extent Plaintiffs are relying on the "fraudulent" prong of the section 17200, Plaintiffs must allege reliance. In re Tobacco II Cases, 46 Cal.4th 298, 328 (2009); Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 947-49 (S.D. Cal. 2007). Likewise, "Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL" where such claims are based on a fraudulent course of conduct. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). Plaintiffs' allegations meet neither of these requirements.

Third, Plaintiffs' allegation that Defendants violated California Civil Code section 1916.110(c) is infirm because that is a non-existent code section.

Fourth, Plaintiffs' allegations regarding their failure to receive *executed* copies of a Good Faith Estimate and HUD-1 Statement lack legal foundation. Though not specified in the Complaint, this claim appears to be based on RESPA. See 12 U.S.C. § 2603 (HUD-1 Statement) and 12 U.S.C. § 2604(c) (good faith estimate). If so, neither provision states that either document must be "executed." But even if they did, Plaintiffs fail to allege that the documents they apparently received were in any way inaccurate or misleading in a manner that caused them harm. In the absence of such allegations, Plaintiffs have failed to demonstrate that these purported violations caused them any injury. E.g., Cal.Bus. & Prof.Code § 17204 (plaintiff must have "suffered injury in fact and has lost money or property as a result of the unfair competition.").

Fifth, Plaintiffs cannot predicate their UCL claim on violations of TILA because such claims are time-barred. TILA has a one-year statute of limitations. 15 U.S.C. § 1640(e). The Ninth Circuit has reasoned that a plaintiff cannot enforce a time-barred TILA claim through the UCL. Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008). Tellingly, Plaintiffs do not dispute Defendants' contention that their alleged TILA violations are untimely.[7]

Finally, Plaintiffs' allegation that they were not offered an opportunity to review their HUD-1 Settlement Statement one day prior to final closing in violation of 24 C.F.R. § 3500.10(a) fails to state a claim. The regulations state that the "settlement agent" must allow the inspection of the HUD-1 Settlement Statement one day prior to closing "*upon request* of the borrower." 24 C.F.R. § 3500.10(a) (emphasis added). The Complaint is devoid of allegations that any Defendant was acting as a "settlement agent." In addition, there are no

---

[7] Plaintiffs' conclusory allegation that Defendants "failed to adequately underwrite the loan in further violation of California Civil Code § 1670.5 and 1770" is inadequate on its face. To provide Defendants with fair notice of the claims being alleged against them, Plaintiffs must identify the specific conduct by each Defendant that ostensibly constitutes a violation of these provisions.

- 14 -

allegations that Plaintiffs, in fact, requested to inspect the statement in the first instance. In the absence of such allegations, it is inapposite that "Plaintiffs were not offered the opportunity to review the Final HUD-1 Settlement Statement one day prior to final closing . . . ." (Compl. ¶ 121(d).)

Accordingly, Plaintiffs' tenth cause of action under the UCL is DISMISSED with leave to amend, except to the extent it is based on a violation of TILA, which is DISMISSED without leave to amend.

### K. INJUNCTION

Plaintiff's eleventh claim is for injunctive relief. Injunctive relief, however, is a remedy, and not a separate cause of action. See Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009). Accordingly, such claim action is DISMISSED without leave to amend.

### L. MOTION FOR A MORE DEFINITE STATEMENT

Rule 12(e) provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Here, Moridas has offered no separate argument in support of their motion for a more definite statement, and instead, merely incorporates by reference their arguments for dismissal. Accordingly, the motion for a more definite statement is DENIED AS MOOT.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Meridas and the MERS Defendants' motions to dismiss are GRANTED.

//

//

2. Meridas' alternative motion for a more definite statement is DENIED AS MOOT.

3. Plaintiffs are granted leave to amend all claims, except as to their seventh, eighth and eleventh claims and as otherwise noted. Plaintiffs shall have 14 calendar days from the date this Order is filed to file a First Amended Complaint that cures the deficiencies set forth above.

4. The Case Management Conference scheduled for February 9, 2010 is CONTINUED to **April 8, 2010 at 3:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

5. This Order terminates Docket Nos. 4, 8, and 15.

IT IS SO ORDERED.

Dated: January 29, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge