UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRECOSIA F. PERDIGUERRA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDAS CAPITAL, INC., et al.,<br><br>Defendants. | Case No:  C 09-4748 SBA<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br><br>Docket 26 |

This is a mortgage fraud case brought by Plaintiffs Precosia F. Periguerra and Marcario M. Periguerra against Defendants, Meridas Capital, Inc. ("Meridas"), Mortgage Electronic Registration Systems, Inc. ("MERS"), CR Title Services, Inc. ("CR Title") and Citimortgage, Inc. ("Citimortgage").  The parties are presently before the Court on Defendants Citimortgage, CR Title and MERS' (collectively "MERS Defendants") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6).  Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

I.      **BACKGROUND**

Plaintiffs allege that they were defrauded by Defendants in connection with the refinancing of their home.  On September 17, 2009, Plaintiffs, through their counsel of record, filed a Complaint in Contra Costa County Superior Court which alleged eleven causes of action for:  (1) Declaratory Relief; (2) Declaration of Nullity of Documents; (3) Accounting; (4) Quiet Title; (5) Fraud; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Violation of Civil Code §§ 1916.7 and 1921; (8) Violation of the California Commercial Code; (9) Breach of

Fiduciary Duty; (10) Violation of California Business and Profession Code section 17200; and (11) Injunctive Relief.   On October 6, 2009, MERS Defendants removed the action under 28 U.S.C. § 1331.

On February 1, 2010, the Court granted the MERS Defendants and Defendant Meridas' respective motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket 23. The Court granted Plaintiffs leave to file a First Amended Complaint within fourteen days of the date the Order was filed.  Although the amended complaint was due on February 15, 2010, Plaintiffs, without prior leave of Court, filed their First Amended Complaint on February 26, 2010. Docket 25.  Shortly thereafter, the MERS Defendants and Meridas separately filed motions to dismiss the amended complaint.  Docket 26, 27.  Plaintiffs have not filed an opposition to MERS Defendants' motion.

## II.   **DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules is grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules or orders, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiffs were obligated to file their opposition to the pending motion by no later than March 23, 2010.  In violation of that rule, they failed to do so.  In addition, Plaintiff failed to abide by the Court's Order

1    directing them to file their amended complaint within two weeks of the Court's Order granting

2    Defendants' motions to dismiss.  Plaintiffs' repeated failures to comport with Court's filing

3    requirements undermine the Court's ability to expedite the resolution of the action.  Such non-

4    compliance inherently delays resolution of the case and insures to the detriment of the public.  See

5    Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to

6    manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v.

7    California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its

8    own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts

9    "valuable time that [the court] could have devoted to other major and serious criminal and civil

10   cases on its docket.").

11       The third factor, the risk of prejudice to the defendants, is related to the strength of the

12   plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have

13   offered no "excuse" for their non-compliance, nor is any apparent from the record.  Since the filing

14   of the motion to dismiss, the Court has received no submissions from Plaintiffs regarding that

15   motion.  Plaintiffs simply have failed to provide any reason whatsoever for their failure to comply

16   with the Court's Orders and none is apparent from the record.  These facts also weigh strongly in

17   favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

18       The fourth factor favoring disposition of cases on the merits, by definition, weighs against

19   dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.

20   Thus, this factor weighs against dismissal.")

21       Finally, the Court has considered less drastic alternatives to dismissal.  The Court

22   previously could have dismissed the action based on Plaintiffs' untimely filing of their First

23   Amended Complaint—but chose not to do so.  In addition, the Court's Standing Orders warn that

24   as a consequence of a party's failure to oppose a motion, the Court would construe such inaction as

25   a consent to the granting of the motion.  "[A] district court's warning to a party that failure to obey

26   the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]'

27   requirement."  Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) ("We

28   conclude that because Brydges was warned of the consequence of his failure to respond to the

appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment.").[1]  Weighing the relevant factors, the Court exercises its discretion and grants the MERS Defendants' motion to dismiss.

**III.    CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.    The MERS Defendants' motion to dismiss is GRANTED.  All claims alleged in the First Amended Complaint are DISMISSED WITH PREJUDICE as to the MERS Defendants.   The April 13, 2010, hearing date is VACATED.

2.    The Case Management Conference currently scheduled for April 13, 2010, is CONTINUED to **May 12, 2010 at 3:30 p.m.**  The parties (other than the MERS Defendants) shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3.    This Order terminates Docket No. 26.

IT IS SO ORDERED.

Dated:  April  6, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] "[A]n express warning regarding the possibility of dismissal is [not] a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)."  In re Eisen, 31 F.3d 1447, 1455 (9th Cir. 1994).